IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALEJANDRO DEJESUS,           :
    Petitioner,          :
                         :
    v.                   :    CIVIL ACTION NO. 14-CV-4676
                         :
ERIC TICE, *et al.*,         :
    Respondents.         :

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**                          **FEBRUARY 20, 2020**

*Pro se* Petitioner Alejandro DeJesus, a prisoner in state custody serving a thirty-five to seventy-year term for third degree murder, robbery, criminal conspiracy and burglary, has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b). (*See* ECF No. 14.) DeJesus seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

**I.     BACKGROUND**

The procedural history and factual background of DeJesus's conviction is fully set forth in the Report and Recommendation prepared by Magistrate Judge Linda K. Caracappa. (ECF No. 8.) Accordingly, the Court outlines only the information necessary to place the instant Motion in context. Following the denial of two petitions for post-conviction relief filed pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, DeJesus filed his § 2254 petition asserting three claims of ineffective assistance of counsel.[1] Magistrate

---

[1] Those claims involved ineffectiveness of trial counsel for failing to investigate and present a diminished capacity defense, and for failing to seek a psychiatric evaluation revealing he was mentally incompetent to enter a guilty plea, and a claim that PCRA counsel failed to raise his mental health claims. (ECF No. 8 at 2-3.)

Judge Caracappa recommended that the § 2254 petition should be denied as untimely. (ECF No. 8.) DeJesus filed Objections to the Report and Recommendation on January 9, 2015. (ECF No. 10). In an Order filed on February 2, 2015, the Court rejected DeJesus's Objections, adopted the Report and Recommendation, dismissed the petition with prejudice, and determined there was no probable cause to issue a certificate of appealability. (ECF No. 12.)

In the current Motion, DeJesus seeks relief pursuant to Rule 60(b). He asserts that he filed a "timely successor PCRA [] petition in state court raising claims of after-discovered facts and governmental interference by the Court of Common Pleas of Lancaster County, Pennsylvania." (ECF No. 14 at 1.)[2] He asserts that counsel was appointed but later filed a "no-merit" letter along with a motion to withdraw as counsel. (*Id.* at 2.) DeJesus then filed a *pro se* response with the state court, but his PCRA petition remains pending. (*Id.*) DeJesus states that he has filed the current Rule 60(b) Motion "to preserve his federal constitutional rights." (*Id.*) Specifically, he argues that he was denied due process when the state trial court failed to order a pre-sentence investigation report and psychological examination before imposing sentence. (*Id.* at 3.)

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

---

[2] The Court adopts the pagination supplied by the C/ECF docketing system.

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

### B. Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether Petitioner's Rule 60(b) Motion is actually an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's

3

second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[3] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or

---

[3] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

"challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

## III. DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether DeJesus's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear. DeJesus is neither challenging the procedural ruling that this Court made in dismissing his habeas petition, nor is he asserting any other ground that would qualify his Motion as a true Rule 60(b) motion. Because DeJesus raises a new, previously unasserted substantive claim for habeas-type relief, his Rule 60(b) Motion is a successive habeas petition. The claim he seeks to assert in the Motion is a due process claim concerning an issue of trial court error arising from the alleged failure to order a pre-sentence investigation report prior to the imposition of DeJesus's 35 to 70-year custodial sentence. Therefore, his Motion must be construed as an unauthorized second or successive habeas petition to the extent that in it he is challenging his judgment of sentence. Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.[4]

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**

---

[4] The Order also denies as moot DeJesus's Motion for Appointment of Counsel and Motion to Stay Proceedings.

**JEFFREY L. SCHMEHL, J.**

**JEFFREY L. SCHMEHL, J.**